UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ELEVACITY U.S., LLC d/b/a THE HAPPY CO. f/k/a ELEPRENEURS U.S., LLC d/b/a ELEPRENEURS, LLC<br><br>v.<br><br>KIMBERLY MCLEAN | § § § § § § § § § |

CIVIL NO. 4:22-CV-047-SDJ

## MEMORANDUM OPINION AND ORDER

Defendant Kimberly McLean has moved to dismiss this action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Dkt. #11). In its response, (Dkt. #14), Plaintiff Elevacity U.S., LLC d/b/a The Happy Co., f/k/a Elepreneurs U.S., LLC d/b/a Elepreneurs, LLC ("Elevacity") requests jurisdictional discovery if any doubt exists as to the Court's jurisdiction over McLean. Having considered the motion, the responsive briefing, and the relevant pleadings, the Court finds that Elevacity's request for jurisdictional discovery should be **GRANTED**.

### I. BACKGROUND

This case arises out of the business relationship between Elevacity and McLean. Elevacity is a Texas-based company that sells and markets health and wellness products and services through a network of independent contractors, or distributors. The distributors also recruit additional individuals to market and sell the products.

McLean is a Florida resident who is a former Elevacity distributor. One of the contracts that allegedly governed McLean's work for Elevacity provides that

1

distributors are prohibited, while they are distributors for Elevacity and for twelve months afterward, from recruiting any other Elevacity distributor for any other direct selling or network marketing business. "Recruit" includes posting or messaging information about such a company on a social media site that the distributor has also used to promote their Elevacity business and tagging other Elevacity distributors in such posts, among other acts. (Dkt. #4-6 ¶ 12). During the same term, distributors may not use such social media accounts in any way that may "reasonably be foreseen" to draw inquiries from other Elevacity distributors about other direct selling or network marketing businesses or products. (Dkt. #4-7 ¶ 15). Elevacity's lawsuit against McLean is premised on these contractual terms.

McLean used her Facebook page to conduct her business as an Elevacity distributor, including marketing its products and recruiting additional distributors. After resigning from Elevacity in December 2021, McLean allegedly took to Facebook to market and promote different, non-Elevacity products and to interact with former Elevacity distributors about the new products. As a result of these actions, Elevacity brings claims against McLean for breach of contract and tortious interference with existing contracts. Both causes of action arise from the same alleged fact: McLean allegedly posted impermissible content on Facebook.

In its complaint, Elevacity asserts that this Court has personal jurisdiction over McLean because: (1) McLean entered into contracts with Elevacity, a Texas company, and interfered with Elevacity's business contacts in Texas and (2) McLean's allegedly tortious conduct was specifically directed towards Texas. McLean disagrees

and moves to dismiss the action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Dkt. #11). Elevacity responded in opposition, requesting jurisdictional discovery in the event there is any doubt as to the Court's jurisdiction over McLean. (Dkt. #14).  The Court will grant Elevacity's request for jurisdictional discovery and orders further briefing on the question of personal jurisdiction.

## II. LEGAL STANDARD

District courts have broad discretion regarding whether to permit a party to conduct jurisdictional discovery. *See Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982) (citations omitted). To merit jurisdictional discovery, Elevacity "must show that it is likely to produce the facts needed to withstand dismissal," and it must identify the "specific facts" it expects discovery to find. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021) (quotation omitted); *see also Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, No. 4:11-CV-629-A, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012) (explaining that, when seeking jurisdictional discovery, a plaintiff "is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction" (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000))).

## III. DISCUSSION

Elevacity argues that it has made a preliminary showing of jurisdiction and that the discovery it seeks will produce information that is relevant to the personal jurisdiction issue. (Dkt. #14 at 17–18). In response, McLean argues that Elevacity's request for jurisdictional discovery should be denied because Elevacity cannot establish a tortious-interference claim, which she notes is further detailed in her

3

pending Rule 12(b)(6) motion to dismiss the tortious-interference claim for failure to state a claim. (Dkt. #16 at 10). She further explains that "[i]n the event the claim is dismissed, jurisdictional discovery relating to its merits are irrelevant to this action." (Dkt. #16 at 10).

McLean's argument misses the mark. Whether the Court has personal jurisdiction is a threshold question and requires that the Court "reach the [jurisdictional] claims before reaching claims on the merits." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999)). The Court must therefore determine whether it has personal jurisdiction before addressing the question whether Elevacity has stated a claim for tortious interference, regardless of whether some of the discovery produced at this stage later becomes irrelevant through dismissal. Further, because claim-specific jurisdiction is at issue, jurisdictional discovery may yield information that is relevant to the merits of the case. *See Morris Bart, LLC v. Slocumb L. Firm, LLC*, No. CV 21-1771, 2022 WL 2704463, at *3–4 (E.D. La. July 12, 2022) (allowing jurisdictional discovery that "may include discovery touching on the merits").[1]

After reviewing the pleadings and briefing, the Court determines that Elevacity is entitled to jurisdictional discovery. Elevacity alleges that McLean has

---

[1] McLean further argues that jurisdictional discovery is improper because Elevacity did not specify that it seeks discovery to determine whether McLean met with distributors in Texas to induce them to breach their respective agreements with Elevacity. (Dkt. #16 at 10). Elevacity, however, would not necessarily have to show that McLean met with distributors in Texas to establish personal jurisdiction for its tortious-interference claim.

4

sufficient contacts with Texas because McLean "knew or should have known that the contracts with which [she] interfered have substantial connections to Texas, the damage caused in Texas was significant, and that [McLean] has thus purposefully directed tortious conduct towards Texas." (Dkt. #14 at 17). Elevacity further points to McLean's Facebook postings as evidence of activity directed toward Texas. (Dkt. #14 at 18). Considering the allegations above, Elevacity's assertion that McLean has sufficient contacts with the State of Texas is a "preliminary showing of jurisdiction," such that its jurisdictional allegations can be supplemented through and resolved following discovery. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003), for the proposition that "[i]f a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained").

To establish specific jurisdiction, Elevacity must show, among other conditions, that its claim arises out of or relates to McLean's ties to Texas that McLean herself forged. *See Johnson*, 21 F.4th at 317–18 (citations omitted). Therefore, Elevacity must establish that McLean's Texas ties connect to Elevacity's claims—otherwise, "they cannot sustain [the Court's] power to hear [them]." *Id.* at 318–19 (explaining the standard for claim-specific jurisdiction and discussing the Fifth Circuit's approach to specific jurisdiction in "cases in which a defendant's website is the claimed basis for specific jurisdiction").

Elevacity has shown that its requested discovery is likely to produce facts that are needed to withstand McLean's dismissal motion by demonstrating the requisite contacts with the State of Texas. Elevacity represents that it is seeking facts that will include:

> (i) communications between Defendant and other Distributors, whether current or former, regarding recruitment, business opportunities, marketing of said opportunities, and any non-solicitation obligations between such employees and Plaintiff; (ii) Defendant's knowledge of the locations of Plaintiff's Distributors; (iii) Defendant's knowledge of the extent she knew Texas-based Distributors had access to her Facebook; and (iv) Defendant's plans or attempts to expand her reach by partnering with individuals in Texas, including Texas-based Distributors and those Distributors' adherence to their non-solicitation obligations.

(Dkt. #14 at 18). According to Elevacity, "[t]his discovery would support Plaintiff's contention that Defendant knew that Plaintiff, a Texas-based company, and its distributor relationship, as well as any resulting harm, were substantially connected to Texas; and thus, whether Defendant purposefully directed tortious conduct at Texas by improperly interfering with those relationships." (Dkt. #14 at 18). Considering the allegations in this case, the Court concludes that this information is relevant to resolving McLean's motion to dismiss. *See Elevacity U.S., LLC v. Schweda*, No. 4:22-CV-042, 2022 WL 2345741, at *2 (E.D. Tex. June 29, 2022) (granting jurisdictional discovery in a legally and factually similar case with similar jurisdictional pleadings to those in the case at bar).

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Elevacity's request for jurisdictional discovery is **GRANTED**.

Accordingly, it is **ORDERED** that Elevacity may conduct jurisdictional discovery regarding McLean's contacts with Texas from today's date until **September 14, 2022**. Elevacity shall file a supplemental brief regarding the Court's personal jurisdiction over McLean by **October 5, 2022**. McLean shall file a supplemental brief to respond to Elevacity's jurisdictional allegations by **October 19, 2022**.

It is further **ORDERED** that all discovery except for initial disclosures and jurisdictional discovery is **STAYED** pending further order of the Court. The Court will enter a scheduling order as needed once the question of personal jurisdiction is resolved.

**So ORDERED and SIGNED this 3rd day of August, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE